IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| Russell Gordon Vickery, | ) | Case No. 1:24-cv-01165-DCC |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Timothy M. Cain, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Petitioner, a prisoner proceeding pro se, is seeking mandamus relief.[1] In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), (D.S.C.), this matter was referred to United States Magistrate Judge Shiva V. Hodges for pre-trial proceedings and a Report and Recommendation ("Report"). On March 13, 2024, the Magistrate Judge issued a Report recommending that this action be summarily dismissed as frivolous. ECF No. 6. The Magistrate Judge advised Petitioner of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Petitioner filed objections to the Report. ECF No. 8.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final

---

[1] In the first paragraph, the Magistrate Judge states that Petitioner is proceeding in forma pauperis. This appears to be a scrivener's error as the Magistrate Judge later recognizes that Petitioner has paid the full filing fee. The Court specifically finds that the Magistrate Judge has stated the proper standard of review.

1

determination remains with the Court.  *See Mathews v. Weber*, 423 U.S. 261 (1976).  The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made.  The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions.  *See* 28 U.S.C. § 636(b).  The Court will review the Report only for clear error in the absence of an objection.  *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

As an initial matter, the Magistrate Judge has provided a thorough recitation of the relevant facts and the applicable law, which the Court incorporates by reference.  Briefly, this matter stems from Petitioner's criminal case proceeding before Judge Cain.  In that case Petitioner filed a motion to dismiss, which he contends created a contract with Judge Cain.  He alleges that Judge Cain failed to comply with the contract.

As stated above, the Magistrate Judge recommends dismissal of this action as frivolous.  Upon de novo review of the Report, the recommendation, and the applicable law, the Court agrees.  In his objections, Petitioner argues that the Report is "VOID on its face for clear error of the naming conventions on the face of that record." ECF No. 8 at 3.  He further objects to the Report as a whole and challenges Judge Cain's text order filed in his criminal case.  A petition for writ of mandamus is not the appropriate

mechanism for Petitioner's grievance, which is with Judge Cain's rulings in his criminal case. Further, the Court agree with the Magistrate Judge that the petition for writ of mandamus and the objections contain fanciful and delusional allegations. *See, e.g.,* ECF No. 8 at 3 ("This action is NOT a 'pro se' action, (see the entire record), and all capital letter, 'naming conventions,' are required for procedural posture, i.e., standing.").

Accordingly, upon de novo review, the Court agrees with the recommendation of the Magistrate Judge. The petition for writ of mandamus is **DENIED** and this action is **DISMISSED** without prejudice as frivolous.

    **IT IS SO ORDERED.**

    s/ Donald C. Coggins, Jr.
    United States District Judge

April 16, 2024
Spartanburg, South Carolina